IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA DENNIS, | No. 10-01596 CW |
|     Plaintiff, | ORDER DENYING EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND SETTING BRIEFING SCHEDULE |
|   v. | |
| WACHOVIA BANK, FSB, et al., | |
|     Defendants. | |

    On May 3, 2010, Plaintiff Tanya Dennis moved ex parte for a temporary restraining order rescinding and setting aside the April 30, 2010 trustee sale of her property located at 2027 Woolsey Street, Berkeley, CA.  Plaintiff asserts that Defendants conducted this sale in violation of a temporary restraining order issued on April 7, 2010 by Judge Roesch of the Alameda County Superior Court.

    A temporary restraining order may be issued without providing the opposing party an opportunity to be heard only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  "The standard for issuance of a temporary restraining order is the same as that for issuance of a preliminary injunction." Burgess v. Forbes, 2009 WL 416843, at *2 (N.D. Cal.).  To obtain a preliminary injunction, the moving party

must "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S. Ct. 365, 374 (2008). Plaintiff has not pointed to any specific act Defendants are about to take that requires the Court's immediate intervention, and has not otherwise shown that she will suffer irreparable harm if Defendants are given a modicum of time to submit an opposition to the motion.

Because Plaintiff has not made a sufficient showing of immediate and irreparable harm to justify granting a temporary restraining order without first offering Defendants an opportunity to be heard, any request for immediate ex parte relief is DENIED. Defendants shall file a response to Plaintiff's motion for a temporary restraining order by May 10, 2010. Plaintiff may, if she wishes, file a reply by May 13, 2010.

Also on May 3, 2010, Plaintiff filed a "Motion to Void Removal of Case from Superior to District Court Due to Improper Notice of Service." The Court deems this motion as a motion to remand. Defendants shall respond to this motion by May 10, 2010 and Plaintiff may reply by May 13, 2010. The Court will take these motions under submission on the papers and schedule a hearing on them if necessary.

IT IS SO ORDERED.

Dated: 05/04/10

CLAUDIA WILKEN
United States District Judge

2