IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TANYA DENNIS,

       Plaintiff,

  v.

WACHOVIA BANK, FSB, et al.,

       Defendants.

No. 10-01596 CW

ORDER DENYING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER

On May 3, 2010, Plaintiff Tanya Dennis moved <u>ex parte</u> for a temporary restraining order to rescind and set aside the April 30, 2010 trustee sale of her property located at 2027 Woolsey Street, Berkeley, CA.  Plaintiff asserted that Defendant Wachovia Mortgage conducted this sale in violation of a temporary restraining order issued on April 7, 2010 by Judge Roesch of the Alameda County Superior Court.  The Court denied Plaintiff's motion because she did not make a sufficient showing of immediate and irreparable harm to justify granting a temporary restraining order without first offering Defendant an opportunity to be heard.  However, the Court ordered Defendant to respond to Plaintiff's motion.  After considering the parties' papers, the Court denies Plaintiffs' application for a temporary restraining order.

BACKGROUND

The factual background in this case is not clear.  From the

complaint and the documents submitted by Defendant Wachovia, it appears that World Savings Bank made two loans to Plaintiff that were secured by separate deeds of trust.  Defendant Wachovia Mortgage, now a division of Wells Fargo Bank, was formerly known as World Savings Bank.  The first trust deed secured repayment of a loan for $406,000.  According to Defendant's records, Plaintiff has not made a payment on that loan since April, 2009.  The second trust deed secured repayment of an Equity Line of Credit (ELOC), and it was this loan that lead to the foreclosure of Plaintiff's home.  It is not clear when, but as some point, Plaintiff allegedly stopped paying on the ELOC.  On December 17, 2009, Cal-Western Reconveyance Corp. recorded a notice of default concerning the ELOC and election to sell Plaintiff's house.  On March 18, 2009, Plaintiff received a notice of trustee's sale which stated that her property would be sold on April 8, 2010.

On April 6, 2010, Plaintiff filed her complaint in Alameda County Superior Court and an application for a temporary restraining order to prevent Defendant from conducting the foreclosure sale of her home.  Plaintiff alleges that she was misled into signing loan documents because her lender did not provide adequate disclosures concerning the details of the loan.  On April 7, 2010 the Superior Court issued a temporary restraining order and order to show cause.  The court ordered Defendant to "refrain from completing a foreclosure sale of the premises commonly known as 2027 Woolsey Street, Berkeley, California until this matter may be considered at the Order to Show Cause . . . ."  The court set a hearing date of April 21 for an order to show cause

2

as to why a preliminary injunction should not be entered.

On April 14, Defendant removed the case to this Court. On April 20, the Superior Court took Plaintiff's motion for a preliminary injunction off of its calendar because the case had been removed. On April 30, Defendant commenced the foreclosure sale of Plaintiff's house, wherein Defendant purchased the home for $27,020.84.

## DISCUSSION

### I. Validity of Foreclosure Sale

Plaintiff challenges the validity of Defendant's foreclosure sale of her home. She argues that the sale was made in violation of the state court's temporary restraining order issued on April 7. Under California law, the maximum life of a temporary restraining order, pending an order to show cause hearing, is fifteen days from the date it was issued, or twenty-two days if Plaintiff can establish good cause for such an extension. Cal. Code Civ. Proc. § 527(d)(1). Although the case was removed on April 14, the temporary restraining order issued by the state court remained in full effect. See 28 U.S.C. § 1450 ("Whenever any action is removed from a State court to a district court of the United States . . . . All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court.") The "'full force and effect' provided state court orders after removal of the case to federal court [is] not intended to be more than the force and effect the orders would have had in state court." Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers

1  Local No. 70 of Alameda County, 415 U.S. 423, 436 (1974).  Thus,
2  "An ex parte temporary restraining order issued by a state court
3  prior to removal remains in full force after removal no longer than
4  it would have remained in effect under state law, but in no event
5  does the order remain in force longer than the time limitation
6  imposed by [Federal Rule of Civil Procedure] 65(b), measured from
7  the date of removal."  Id. at 439-440.

8  In the present case, there is no evidence that Plaintiff
9  established good cause to extend the length of the temporary
10 restraining order; therefore, the order expired April 22, fifteen
11 days after it was issued.  Accordingly, Defendant's April 30
12 foreclosure sale of Plaintiff's home did not violate the temporary
13 restraining order.[1]

14 II.  Temporary Restraining Order

15 "The standard for issuance of a temporary restraining order is
16 the same as that for issuance of a preliminary injunction."
17 Burgess v. Forbes, 2009 WL 416843, at *2 (N.D. Cal.).  To obtain a
18 preliminary injunction, the moving party must "establish that he is
19 likely to succeed on the merits, that he is likely to suffer
20 irreparable harm in the absence of preliminary relief, that the
21 balance of equities tips in his favor, and that an injunction is in
22 the public interest."  Winter v. Natural Res. Def. Council, Inc.,

---

[1] Plaintiff also argues that the foreclosure sale of her home should be invalidated because she was not properly notified that the case was removed to federal court.  She claims that she did not learn that the case was removed until April 26, which was twelve days after Defendant filed its notice of removal.  Even if Plaintiff's assertion is true, it does not affect the expiration of temporary restraining order on April 22.

___ U.S. ___, 129 S. Ct. 365, 374 (2008).

Plaintiff argues that Defendant has no standing to foreclose on her house because it does not presently own or possess the promissory note secured by the deed of trust.  However, possession of the note does not necessarily affect the validity of a non-judicial foreclosure sale.  Roque v. Suntrust Mortgage, Inc., 2010 WL 546896, *3 (N.D. Cal.) ("Uniformly among courts, production of the note is not required to proceed in foreclosure and similarly no production of any chain of ownership is required.").  Further, Defendant has submitted a declaration stating that it possesses the note.  Although the balance of the harm tips toward Plaintiff, she has not presented the requisite showing of meritoriousness required for the Court to issue an injunction.  Plaintiff's request for a temporary restraining order is therefore DENIED.  If Plaintiff's request has not become moot by the foreclosure sale, Plaintiff may file a regularly noticed motion for a preliminary injunction.  See N.D. Cal. Civ. R. 7-2.

III. Removal

At the same time that Plaintiff moved for a temporary restraining order, she filed a "Motion to Void Removal of Case from Superior to District Court Due to Improper Notice of Service."  The Court deemed this motion to be a motion to remand.  Plaintiff does not challenge the jurisdiction of this Court; rather, she argues that she was not properly served with the removal papers.

Title 28 U.S.C. § 1446(d), which governs the procedure for removal of a case from state court, provides, "Promptly after the filing of such notice of removal of a civil action the defendant or

5

1  defendants shall give written notice thereof to all adverse parties
2  and shall file a copy of the notice with the clerk of such State
3  court, which shall effect removal and the State court shall proceed
4  no further unless and until the case is remanded."  Section 1446(d)
5  does not require "formal" or "personal" service of a notice of
6  removal upon a plaintiff; it merely requires "written notice."
7  Here, Defendant filed a certificate of service with this Court on
8  April 15, 2010 stating it had served the notice of removal upon
9  Plaintiff by mail on the same date.  Docket No. 4.
10      Plaintiff has failed to identify any procedural defects in the
11 removal of this case.  Plaintiff does not contest the veracity of
12 the proof of service described above, or contend that she did not
13 receive written notice of the removal of the action as § 1446(d)
14 requires.  Accordingly, Plaintiff's motion to remand based on
15 procedural defects in the case's removal is denied.[2]
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //

---

[2] Plaintiff improperly titled her reply brief to Defendants' opposition to her motion to remand a "Cross-Motion in Opposition to Motion to Void Removal to Federal Court." Accordingly, the Court denies this motion.

CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's (1) motion for a temporary restraining order (Docket No. 9), (2) motion to remand (Docket No. 10) and (3) "Cross-Motion in Opposition to Motion to Void Removal to Federal Court" (Docket No. 18).

IT IS SO ORDERED.

Dated: 06/04/10

CLAUDIA WILKEN
United States District Judge