IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA DENNIS,<br><br>    Plaintiff,<br><br>  v.<br><br>WACHOVIA BANK, FSB, WELLS FARGO BANK, N.A. and JOHN AND JANE DOES 1-5,<br><br>    Defendants.<br>_____/ | No. 10-cv-01596 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RETURN OF PROPERTY AND ADDRESSING HER REQUEST FOR ASSISTANCE FROM THE ATTORNEY GENERAL<br>(Docket Nos. 63 & 69) |

I. Motion for Return of Property

On December 20, 2010, Plaintiff Tanya Dennis filed a "Motion for Return of Property." Docket No. 63. Defendant Wachovia Mortgage, now a division of Wells Fargo Bank, and formerly known as World Savings Bank, has opposed the motion. Plaintiff seeks the return of her personal property, which was removed from her home after she and her family were evicted on December 7, 2010. Plaintiff's list identifies over $15,000 worth of personal property. According to Plaintiff, the property was removed from the premises on December 14, 2010.

Pursuant to California Code of Civil Procedure § 1983, where personal property remains on the premises after a tenancy is terminated and the tenant has vacated the premises, the landlord shall give written notice to the tenant of property it reasonably believes to be owned by the tenant. The landlord is required to store the remaining property for at least fifteen days after notice has been personally provided to the tenant, or eighteen

days after the notice is deposited in the mail.  California Code of Civil Procedure § 1174 further provides for the release of personal property from the landlord to the tenant.  The landlord may charge reasonable costs of storage before the property is returned.

    This Court, however, is not the proper forum for this matter. If Plaintiff seeks to pursue her rights under the California statutes described above, she must do so in Alameda County Superior Court, where the unlawful detainer action against her was filed.

    Plaintiff's motion is DENIED.

II. Memorandum Letter to the California Attorney General

    Plaintiff has filed with the Court a memorandum letter requesting assistance from the California Attorney General. Docket No. 69.  The Court does not have jurisdiction over the recent settlement reached by the California Attorney General and Wells Fargo on December 20, 2010.  The Court cannot order that the settlement extend relief to Plaintiff, even if Plaintiff is in fact a member of the settlement class.

    IT IS SO ORDERED.

Dated: 1/19/2011

CLAUDIA WILKEN
United States District Judge

2